IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James E. Pietrangelo, II,                                             Case No. 3:09CV2560

      Plaintiff

v.                                                                              ORDER

Sandusky Library, et al.,

      Defendants

This is a case in which a *pro se*, but law-educated plaintiff has sued defendants arising out of the response of the defendant Sandusky, Ohio, public library to complaints about plaintiff's conduct from other patrons. Pending are various motions, on which I make the following rulings.

1. Plaintiff's Motion for a Discovery Order [Doc. 12].

As noted by defendants [Doc. 15], this motion was mooted by the case management conference notice – and, as well, by the order entered following that conference.

2. Plaintiff's Motion for Entry of Order of Default [Doc. 13].

This motion is likewise moot as a result of entry of an order granting defendants an extension of time to answer or otherwise plead, which they have done.

3. Plaintiff's Motion to Disqualify Trevor Hayberger and
    the Erie County Prosecutor's Office [Doc. 25].

Plaintiff claims that the notice of appearance filed on behalf of defendant Sandusky Library is *ultra vires* in light of O.R.C. § 309.09(A). The pertinent portion of that statute provides that the

County Prosecutor shall serve as legal advisor "of the board of county commissioners, board of elections, and all other county officers and boards, including all tax-supported public libraries."

The Library opposes the motion, arguing that, though it is not a county entity or agency, it nonetheless is a tax-supported public library.

I agree with plaintiff that the phrase, "including all other tax-supported public libraries" is limited in scope by the preceding clause referencing "all other *county* . . . boards." (emphasis supplied).

Plaintiff's motion to disqualify is well-taken.

4. Plaintiff's Motion for Sanctions Against Defendants and Their Counsel [Doc. 26].

Plaintiff claims to be entitled to sanctions due to: 1) the conduct of a deponent affiliated with defendant Sandusky Library; 2) improper objections by defense counsel and other unprofessional misconduct by defense counsel; and 3) the failure to provide sufficient time to depose another deponent.

On review of the parties' voluminous briefs and other materials relating to this motion, it is apparent that plaintiff believed that the deponent was not being forthright or, indeed, truthful.

First, with regard to a deponent's forthrightness, I will not second-guess motivation on the basis of a cold transcript. Were plaintiff unhappy with the progress he was making, he could and should have contacted the court to resolve the dispute. Now is too late for him *post facto* to seek or secure some relief from what he views as the witness's evasiveness.

In any event, defense counsel attributes what plaintiff describes as evasiveness to caution on the deponent's part. Under all the circumstances, where a lay witness is subjected to a protracted and

aggressive interrogation by a law-educated individual, albeit one who is not an attorney, caution and requests for clarification are not later to be subject to sanctions.

Likewise, and certainly at this relatively early stage in this litigation, I decline to adjudicate plaintiff's claims of perjury on the deponent's part. There is a vast difference between unintended inaccuracy and deliberate perjury. I decline to ascribe perjurious intent to the deponent on the basis of the record before me. Such assessments, if ever possible, can only be made much later in the development of a case.

To the extent that plaintiff complains about improper objections on the part of defense counsel, he should have contacted the court *in medias res*, rather than waiting *post hoc* to make his complaints known.

I find nothing unprofessional and warranting imposition of sanctions in the alleged misconduct plaintiff attributes to defense counsel. Nor is there any basis for sanctions with regard to the inability to proceed with a second deposition on the day it had been noticed.

I trust that the parties have, since filing the motion and briefs relating to it, made mutually convenient arrangements to take the second deposition.

There is no merit to plaintiff's motion for sanctions.

5. Defendants' Motions for an Order to Show Cause and for Sanctions [Docs. 29, 33].

Defendants' motions contend that, despite clear and unequivocal orders from the undersigned to the plaintiff to answer certain questions during his deposition, he failed and refused to do so.

In light of the allegations of defendants' motions – namely, that plaintiff without cause deliberately disobeyed direct orders from the undersigned, plaintiff shall appear before the

undersigned on Monday, June 14, 2010, to show cause why he should not be held in contempt of this court and sanctioned accordingly as requested by defendants or otherwise.

<u>6. Plaintiff's Motion for Protective Order Under Rule 30(d)(3) [Doc. 32]</u>.

In this motion, plaintiff seeks to preclude any further deposition of him by the defendants.

A ruling on this motion will be held in abeyance pending adjudication of defendants' motions for sanctions.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Plaintiff's motion for a discovery order [Doc. 12] be, and the same hereby is overruled as moot;

2. Plaintiff's motion for entry of default [Doc. 13] be, and the same hereby is overruled;

3. Plaintiff's motion to disqualify, etc. [Doc. 25] be, and the same hereby is granted;

4. Plaintiff's motion for sanctions, etc. [Doc. 26] be, and the same hereby is overruled;

5. Plaintiff to appear before the undersigned on June 14, 2010, at noon, to show cause why he should not be held in contempt and sanctioned as requested by defendants' motions [Docs. 29, 33] to show cause and for sanctions;

6. Ruling on plaintiff's motion for protective order under Rule 30(d)(3) [Doc. 32] held in abeyance pending adjudication of defendants' motions to show cause and for sanctions [Docs. 29, 33].

So ordered.

<div style="text-align:right">
<u>s/James G. Carr</u><br>
James G. Carr<br>
Chief Judge
</div>